Marie BROGAN, Gladys Allison, Marge Hayes, Conley Fonda, Elizabeth Hansen, Paul Hansen, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Jeffrey MILLER, Director of the Illinois Department of Public Aid, and the Illinois Department of Public Aid, Defendants-Third Party Plaintiffs,

v.

Margaret M. HECKLER, Secretary, United States Department of Health and Human Services, Wayne A. Stanton, Regional Official, United States Department of Health and Human Services, Carolyne K. Davis, Administrator, Health Care Financing Administration, Third Party Defendants.

No. 81 C 6539.

United States District Court,
N.D. Illinois, E.D.

April 26, 1984.

See also, D.C., 555 F.Supp. 866.

Phillip H. Snelling, Legal Assistance Foundation of Chicago, Wendy Meltzer, Mid-South Office, Legal Assistance Foundation, Chicago, Ill., for plaintiffs.

James C. O'Connell, Barbara Greenspan, Asst. Attys. Gen., Daniel Murray, Asst. U.S. Atty., Chicago, Ill., for defendants-third party plaintiffs.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs sued Jeffrey Miller and the Illinois Department of Public Aid ("IDPA") to prevent the implementation of a Medicaid eligibility rule which would have required individuals whose income and resources exceed the state eligibility standard for cash assistance to actually incur medical expenses sufficient to bring their net income below the cash assistance standard calculated on a six-month basis before receiving a Medicaid card. We granted plaintiffs' motion for a preliminary injunction and ordered IDPA to impose a spend down requirement calculated on a one-month basis for the plaintiff class. *Brogan v. Miller*, 537 F.Supp. 139 (N.D.Ill. 1982). On November 29, 1983, we entered final judgment and a permanent injunction which incorporated a calculation method consistent with our previous orders. This method involves the use of a one-month budget period to determine Medicaid eligibility.[1]

IDPA filed a third party complaint against officials of the United States Department of Health and Human Services ("HHS") on February 1, 1982. Presently before the Court are IDPA's motion for summary judgment and HHS's motion to dismiss or for summary judgment. For reasons set forth below, HHS's motion to dismiss is granted.

In its third party complaint, IDPA claims that HHS would be liable to it if the Court orders it to reimburse individuals before they incurred medical expenses to the extent of their spend down amount, but that HHS has taken the position that it is not bound by judicial decisions to which it is not a party. IDPA thus seeks to enjoin HHS to provide federal financial participation for any Medicaid benefits IDPA is required to pay pursuant to Court order. Moreover, paragraph 6(b) of the final judgment order requires IDPA to reimburse plaintiffs who paid medical bills in excess of one month's spend down and to make payments on behalf of plaintiffs to medical providers. IDPA seeks an order from this Court authorizing such payments.

HHS asserts that IDPA lacks standing to bring its third party complaint, pointing out that it has not threatened to withhold federal financial participation in any expenditures which IDPA undertakes pursuant to this Court's orders. HHS adds that insofar

---

1. At the present time, the IDPA is using a one-month budget period, as required by our orders. But Illinois' current Medicaid plan indicates that Illinois is using a six-month budget period. HHS is presently reviewing an amendment to Illinois' Medicaid plan which would eliminate the disparity between IDPA practice and the Illinois Medicaid plan.

as Paragraph 6(b) requires reimbursement by IDPA only when Medicaid would have made payments under a one-month spend down formula, it would provide federal financial participation.

Article III of the Constitution limits the judicial power of the United States to cases and controversies. A litigant must therefore have standing to challenge the action sought to be adjudicated in the lawsuit. *Valley Forge College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982). One aspect of standing requires a plaintiff to show that he or she suffered some actual or threatened injury as a result of the defendant's conduct. *Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 99 S.Ct. 1601, 1607–08, 60 L.Ed.2d 66 (1979); *Alschuler v. Dept. of Housing & Urban Development,* 686 F.2d 472, 476 (7th Cir.1982). Actual injury redressable by a court is required. *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 39, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976).

In the present case, IDPA can point to no actual or threatened injury from HHS's conduct. As we have stated above, HHS has not threatened to withhold federal financial participation from the Medicaid program in Illinois, and it has declared that the one-month budget period and spend down calculation formula required by this Court's orders are authorized under the Medicaid program. This is not a case where HHS argues that procedures required by this Court's orders are contrary to the Medicaid statute and its regulations, thus jeopardizing IDPA's receipt of federal financial participation.[2] Accordingly,

IDPA lacks standing to bring the third party complaint, which is hereby dismissed.[3] It is so ordered.

---

**2.** Thus, *Kozera v. Spirito,* 723 F.2d 1003 (1st Cir.1983), is inapposite to the instant case. In *Kozera,* plaintiffs challenged a state welfare regulation which had been promulgated to conform to an amendment to the Social Security Act and its implementing regulations. The Court held that the state had standing to bring a third party complaint, because a finding that the state regulation was unconstitutional would lead to termination of federal financial participation, since the state plan would not conform to federal requirements. In the present case, by contrast, we neither invalidated an HHS regulation nor ordered IDPA to operate its Medicaid program in a manner inconsistent with federal regulations. Rather, HHS has declared that this Court's orders are consistent with federal regulations, and that it will not terminate federal financial participation.

**3.** This ruling obviates the necessity to rule on the cross-motions for summary judgment.